13608

CONEY *ET AL.* v. SOUTH CAROLINA CONTINENTAL TELEPHONE CO.

(168 S. E., 731)

June 1932.

*Messrs. John M. Daniel, Attorney General, Irvine F. Belser* and *Albert F. Woods,* for petitioners,

*Messrs. Carson E. Coward* and *Nelson & Mullins,* for respondent,

March 27, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This controversy revolves about the question whether the respondent agreed with the patrons of the Abbeville Tele- . phone Company that if they would agree to an increase of the rates of telephone tolls it would install there the common battery system and would establish and maintain its headquarters at Abbeville. This was in January, 1928. In the early part of 1932, the respondent moved its headquarters to Columbia, S. C. Thereupon a petition was filed with the Railroad Commission of the State, by Hon. F. D. West, representing himself and other patrons of the Abbeville system, asking that in view of the violation of the alleged contract by the respondent the rates be reduced, and alleging that in any event the rates were too high, and for that reason should be reduced. A hearing on this petition was had by the Railroad Commission May 10, 1932, at which hearing

testimony was taken and arguments made. June 21, 1932, the commission made and issued its order No. 871, finding that the respondent had made an agreement with the patrons of the Abbeville Telephone Company, now merged in the respondent corporation, to the effect that if they would agree to the increase of rates proposed by the respondent it would install the common battery system and would establish and maintain its headquarters offices at Abbeville; that in consequence of said agreement the commission had authorized and put into effect, by its order No. 387, the rates so agreed upon; and that the respondent had violated its agreement by removing its headquarters offices from Abbeville to Columbia. It issued its order No. 871 to the effect that: "Effective on August 1, 1932, the rates for telephone service for Abbeville, South Carolina, shall be those prevailing on and immediately before March 7, 1928, that is as follows" (setting them out).

The respondent refused to obey this order. The Attorney General of the State thereupon filed a petition in the original jurisdiction of this Court praying the process of the Court to compel the respondent to obey the order of the commission. Thereupon Mr. Justice Stabler, July 26, 1932, issued a rule requiring the respondent to show cause why the relief prayed for should not be granted. The return to the rule was heard at the February, 1933, term of this Court. Respondent by its return denied that there had been an agreement to establish and maintain its headquarters at Abbeville. It admitted that it had moved its headquarters from Abbeville to Columbia. It alleged that the rates in existence at Abbeville are reasonable; that the order No. 871 of the commission is unjust, unreasonable, and invalid, and deprives it of its constitutional rights, in that it denies to respondent the due process of law guaranteed to it by the Fourteenth Amendment to the Constitution of the United States.

The finding of the commission that there was an understanding between the patrons of the Abbeville Telephone

Company and the respondent to the effect that, in consideration of the agreement by the patrons of that company that
the rates over the said system be increased in accordance
with the scale of rates proposed by respondent, the latter, in
addition to making certain additions and improvements to
the physical plant of the telephone company, would establish
and maintain its headquarters offices at Abbeville, is fully
sustained by the evidence. That the headquarters have been
removed is not denied.

The cardinal question in the case is this: Has the commission the power to order the rates at Abbeville changed
to those which prevailed immediately prior to and on March
7, 1928, without a hearing as to the reasonableness of the
rates prevailing when its order No. 871 was made?

Section 8289, Code 1932, invests the Railroad Commission with jurisdiction and supervision over telephone lines,
stations, and exchanges in the State, and gives it power
to fix and regulate the rates of toll which may be charged
by the persons or corporations operating said lines. The
Act, now Section 8289, contains this:

*"Provided, further, That except by agreement with the
subscribers* (italics added), no change shall be made in any
existing rates without a hearing by said commission which
shall be had at such time and place as shall be designated by
said commission," etc.

If the commission had found as a fact that *no agreement
had been made* between the parties as is claimed, it could
then legally order the restoration of the rates which prevailed on and immediately before March 7, 1928, because
its order allowing the increased rates was predicated on an
alleged agreement by the subscribers which had not been
made. If there was no such agreement, the order No. 387,
authorizing the increased rates, was a nullity, and the commission could so declare it, because the commission had
been led to grant it upon a false premise. But the commission
has found that there was such an agreement. We have no-

where found any authority for the proposition that the commission may revoke an order granted by it which fixed rates founded upon an agreement of the subscribers. It would seem desirable that the commission have the authority to restore the status when either party to such agreement violates its terms; but that is a matter for the consideration of the law-making branch of the government. This Court must decide and declare the law as it finds it.

The statute expressly declares that existing rates shall not be changed except by agreement of the subscribers, *or upon hearing by the commission.* There can be no doubt that the rates fixed by order No. 387 were the existing rates when order No. 871 was issued. There is no agreement by the subscribers and respondent that these rates be changed. It follows that they can be changed only after a hearing by the Railroad Commission.

For these reasons, the petition for a writ of mandamus to enforce order No. 871 of the Railroad Commission must be, and it is, denied. The matter is remanded to the commission for such further proceedings, not inconsistent with the views herein expressed, as it shall be advised to adopt.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.